FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 APR 14 A 10: 59
R. Aust
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PAUL RUSSELL GORDON, SR.,

   Plaintiff,

v.                                                     CIVIL ACTION NO.: CV208-024

WAYNE BENNETT, Sheriff; RON
CORBITT, Under-Sheriff; Captain
AUSTIN; Dr. GUNDERSON;
Colonel LOUISE CLIFTON NEWSOME;
and Nurse HIGHSMITH, PA,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he has been denied proper medical care and treatment while he has been housed at the Glynn County Detention Center. Plaintiff names as Defendants Wayne Bennett, Sheriff of Glynn County; Ron Corbitt, the Under-Sheriff; and Louise Newsome, a colonel. Plaintiff asserts Defendants Bennett and Corbitt are responsible for the care, treatment, housing, and safety of inmates. Plaintiff asserts Defendant

Newsome is the person who first receives the inmates' grievances and that she has responded to only one of his grievances.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection. It appears that Plaintiff attempts to hold Defendants Bennett, Corbitt, and Newsome liable based solely on their supervisory positions at the Glynn County Detention Center. Accordingly, Plaintiff's claims against Defendants Bennett, Corbitt, and Newsome should be dismissed.

Plaintiff also names Captain Austin as a Defendant; however, Plaintiff fails to make any factual allegations against Defendant Austin. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his claims against Defendant Austin should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bennett, Corbitt, Newsome, and Austin be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of April, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE